REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested our opinion in connection with LB 336. Your question arises as a result of our Opinion No. 41, Opinion of the Attorney General 1983-1984, March 10, 1983. In that opinion we said that the distributional formula contained in LB 336 was unconstitutional. Your question is whether the distributional formula in LB 336 could be abandoned, and in its place, an amendment inserted providing for the transfer of funds raised by a state-wide lottery to the general fund for general state purposes. You have not provided us a specific amendment for this purpose, nor the exact details any such amendment may contain. We must, therefore, be very general in our answer to your query.
Article III, Section 24 of the Constitution in part provides:
 The Legislature shall not authorize any game of chance, nor any lottery, or gift enterprise where the consideration for a chance to participate involves the payment of money for the purchase of property, services, chance or admission ticket, or requires an expenditure of substantial effort or time; Provided, that it may authorize and regulate other lotteries, raffles, and gift enterprises which are intended solely as business promotions or the proceeds of which are to be used solely for charitable or community betterment purposes without profit to the promoter of such lotteries, raffles, or gift enterprises.
This provision of the Constitution allows the Legislature to establish lotteries under certain conditions. Our Supreme Court has recognized this in State v. CityBetterment Corporation, 197 Neb. 575, 250 N.W.2d 601
(1977). In that case the Supreme Court found that a particular lottery operated by a private corporation for city betterment purposes in Omaha was unlawful under the then existing statutory scheme. They, however, did recognize the authority of the Legislature to authorize lotteries by statutory enactment within the constraints of Article III, Section 24. The two obvious questions which one must address in determining whether proceeds from a state-wide lottery could be used for general fund purposes, are whether the state is a promoter within the terms of the constitutional provision; and the meaning of the term `community betterment purposes.'
In City Betterment, supra, the Supreme Court construed the term `promoter' to mean the persons or organizations legally responsible for conducting a lottery. That definition was arrived at against a contention that `promoter' included anyone who advanced money, sold tickets, secured financing, organized, managed or in any other way advanced the lottery. The question, then, is whether or not the prohibition against a promoter receiving profits would apply to a state run lottery where the proceeds inure to the benefit of the state through the general fund.
We have been unable to find any legislative history or case law dealing with this question. We believe it fair to say, upon a review of legislative history, that the possibility of the state conducting a lottery was not one considered by the voters nor, indeed, the legislative proponents of the amendment to Article III, Section 24 authorizing the Legislature to allow lotteries. We are unable, however, to read into that section a prohibition against the state operating a lottery where the purpose of the lottery is for community betterment purposes. The state, as a promoter, would not generally be thought of as being one who was profiting from the operation of the lottery. We believe this would be the result a court considering such a question would be likely to reach because the expenditure of state funds involves the operation of government. Thus, profit in the sense of one receiving a benefit or retaining a benefit from an economic activity is not applicable to the state, qua state. We say this fully recognizing that a number of state agencies or departments do operate in a quasi entrepreneurial fashion. Nonetheless, the sums expended are expended for state or governmental purposes. We thus believe that the prohibition against profit inuring to the benefit of the promoters would not be a prohibition applicable to the state itself should such sums be placed into the general fund.
The second point of analysis is the meaning of the term `community betterment purposes.' Once again, an examination of legislative history and the case law of both the constitutional amendment and the enacting ordinance, does not assist us at all in a definition of the term `community betterment purposes.' In such a situation one is normally required to discern legislative intent from the language of the act itself. See, Canada Ltd. v. Kreuscher, 204 Neb. 220,281 N.W.2d 762 (1979). It is an also an obvious rule of statutory construction that in the absence of any contrary evidence, the words of a statute or a constitutional amendment must be given their ordinary meaning. See,Douglas County v. Board of Regents, 210 Neb. 573,316 N.W.2d 62 (1982).
Websters Third New International Dictionary, Unabridged Edition, 1967 defines `betterment' as the making or becoming better: improvement as: an improvement of an estate that makes it better and more valuable than mere repairs would do, an improvement that does more than restore to a former good condition, the replacement in accounting of an existing asset with one of greater cost or superior value. That same volume variously defines `community' including the following: A body of individuals organized into a unit or manifesting unusual awareness of some unifying trait: a state or commonwealth.
We believe that under these definitions it is fair to say that the expenditure of the sums raised by a state run lottery for general fund purposes of the State of Nebraska would amount to a community betterment purpose for the state as a whole. We say this fully recognizing that betterment as defined by Websters means something more than simply ongoing expenditures. There is certainly enough expenditures made out of the general fund which are, in fact, within the definition of betterment, that such expenditures would be proper.
We do not believe sums raised from a lottery and placed in the general fund must be limited to specific projects. However, if such a limitation were enacted it would be within the legislative authority to define proper purposes. Such a definition could be very general in nature or very specific as the legislature saw fit. Within these limitations, we believe your proposal would be constitutional.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General